Dear Mayor Jones and Aldermen:
This officer is in receipt of your opinion request wherein you ask whether the prohibition against dual office holding prohibits the Mayor of the Town of Livingston from appointing a member of the Board of Aldermen to serve on the Livingston Intergovernmental Commission.
Our response is governed by the Louisiana Constitution, Article6, Section 20; the Louisiana Dual Officeholding Laws, in particular LSA-R.S. 42:62(9) as well as by the statute which details the requirements for officeholding for aldermen, LSA-R.S.33:385(C).
The Louisiana Constitution appears to anticipate that in certain situations it is good for various political subdivisions of our state to work cooperatively. The Constitution at Section 20 of Article 6 gives authority for such cooperative ventures:
 Except as otherwise provided by law, a political subdivision may exercise and perform any authorized power and function, including financing, jointly or in cooperation with one or more political subdivisions either within or without the state, or with the United States or its agencies.
Even though the Livingston Intergovernmental Commission is Court ordered it seems to have the intergovernmental characteristics contemplated by the Constitution's draftsmen.
We placed the question of dual officeholding within this context of cooperative ventures and reviewed the applicable statute concerning dual officeholding. LSA-R.S. 42:63(D) provides:
 No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or cloak of court.
There is also a particular statute addressing the dual officeholding question for aldermen. LAS-R.S. 33:385 (C) states in relevant part:
 No member of the board of aldermen shall hold any other office or employment under the municipal government while he is a member of the board. . .
Service on the Livingston Intergovernmental Commission is not prohibited employment nor is such service a prohibited appointive office. Service on the Commission is rather for the alderman appointed as an extension of the duties and responsibilities of an alderman of the Town of Livingston.
For this reason we conclude that the Mayor of the Town of Livingston may appoint a member of the Board of Aldermen to serve on the Livingston Intergovernmental Commission. We also conclude that the aldermen appointed will not be prohibited from serving because of the dual officeholding statutes of our state.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ Jenifer Schaye Assistant Attorney General